IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BYRON F. BURNETT,<br><br>    Defendant. | Case No. 09-cr-40071-JPG-003 |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Bryon F. Burnett's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 107).  The Government has responded to the motion (Doc. 128) agreeing that Burnett is eligible for a reduction but disagreeing with the size of the reduction.  The Court construes Burnett's motion to be pursuant to 18 U.S.C. § 3582(c)(1)(B).

In December 2009, Burnett pled guilty to one count of conspiracy to distribute 5 grams or more of crack cocaine, three counts of distribution of an unspecified amount of crack cocaine, and one count of distribution of an unspecified amount of heroin. (Doc. 23).  At Burnett's sentencing in April 2010, the Court found that he was a career offender under United States Sentencing Guideline Manual ("U.S.S.G.") § 4B1.1.  Because at the time the statutory range for the offense of conspiring to distribute 5 grams of more was 5-40 years in prison, 21 U.S.C. § 841(b)(1)(B)(iii), Burnett's base offense level was 34.  *See* U.S.S.G. §4B1.1(b)(2).  The Court reduced this level by 3 points under U.S.S.G. §3E1.1(a) and (b) because Burnett accepted responsibility for his crimes, bringing his total offense level to 31.  In combination with his criminal history category of VI, determined by his career offender status, his sentencing range was 188 to 235 months.  The Court sentenced Burnett to serve a mid-range sentence of 204 months in prison on all counts, to run concurrently.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[1] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—lowered the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if application of a statutory

---

[1] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

range changed by the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original sentence.[2]

The Fair Sentencing Act lowered the sentencing range applicable to the crime of conspiracy to distribute 5 grams or more of crack cocaine from 5-40 years to no more than 20 years. *See United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether the Fair Sentencing Act modified a penalty). Accordingly, the base offense level for such a crime is now 32 under U.S.S.G. §4B1.1(b)(3). For Burnett, that means his total offense level fell to 29, and his guideline sentencing range fell to 151-188 months in prison. Burnett now asks the Court to reduce his sentence to 151 months, the low end of the new guideline range. The Government does not object to a reduction in the term of imprisonment pursuant to the First Step Act but asks that the Court reduce the sentence to 170 months, a sentence that, like Burnett's original sentence, falls in the middle of the new guideline range. Thus, the dispute here is not about Burnett's eligibility but about the extent to which the Court should exercise its discretion to reduce his sentence.

---

[2] There is some dispute over the proper vehicle to implement § 404 of the First Step Act. Some suggest the proper vehicle is a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). That provision allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." Section 994(o), in turn, gives the Sentencing Commission direction to review and revise the Sentencing Guidelines. However, the sentencing changes wrought by the retroactive application of the Fair Sentencing Act are not the result of the Sentencing Commission's revision to the Sentencing Guidelines but Congress's enactment of a new statute. Therefore, by its plain terms, § 3582(c)(2) cannot apply. The Court believes the better vehicle is § 3582(c)(1)(B). The Court is aware that the Court of Appeals for the Seventh Circuit has indicated this provision allows for a sentence modification as "expressly permitted by statute" only if resentencing has been ordered after a successful direct appeal or a successful collateral attack. *United States v. Bailey*, 777 F.3d 904, 906 (7th Cir. 2015). However, the Court believes the Court of Appeals limited relief to these two situations because, at the time of its statement, no statute expressly gave the Court the authority to modify a term of imprisonment in any other circumstance. Now that the First Step Act has expressly provided additional authority to modify a term of imprisonment, it can serve as a basis for relief under § 3582(c)(1)(B).

3

In support of the lower sentence, Burnett points to the programming in which he has participated while incarcerated, including numerous educational classes and earning his GED. He also cites his relatively good behavior in prison. He further notes his employment as a recreational orderly. The Court further sees Burnett has paid his financial obligations from this case in full.

In support of a mid-range sentence, the Government argues that a mid-range sentence is more appropriate for the same reasons the Court originally imposed a mid-range sentence, including Burnett's history of criminal activity. It also notes that Burnett has committed several disciplinary violations while in prison.

The Court finds that Burnett is eligible for a sentence reduction under the Fair Sentencing Act for the reasons set forth above. However, as a preliminary matter, it declines to conduct a plenary resentencing hearing as such a proceeding is not required by the First Step Act. *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *United States v. Cooper*, 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding plenary resentencing hearing, noting that "nothing in § 404 plainly requires the district court to hold any sort of hearing at all"); *see also* Fed. R. Crim. P. 43(b)(4) ("A defendant need not be present [when] . . . [t]he proceeding involves the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)."). Furthermore, to the extent the Court might have discretion to hold a hearing, it would not serve any purpose as the Court will give Burnett the reduction in the amount he requests.

As recommended by the United States Court of Appeals for the Seventh Circuit in *United States v. Shaw*, 957 F.3d 734, 741-42 (7th Cir. 2020), the Court considers Burnett's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion to reduce Burnett's sentence. The Court has weighed the § 3553(a) factors as well as Burnett's post-sentencing conduct which, although not perfect,

demonstrates substantial progress toward rehabilitation. Accordingly, it believes a low-end sentence is now appropriate. The Court therefore **GRANTS** the defendant's motion for a reduction to 151 months in prison and three years of supervised release (Doc. 107) and will enter a separate order of reduction in the Court's standard format.

**IT IS SO ORDERED.**
**DATED:   June 10, 2020**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **U.S. DISTRICT JUDGE**